# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**CHRISTOPHER WAYNE WEBB,**  )
                                                     )
                  Plaintiff,             )
                                                     )
v.                                              )     No. CIV 10-419-FHS-SPS
                                                     )
**BILL STURCH** and                      )
**MONTY MONTGOMERY,**      )
                                                     )
                  Defendants.         )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint, the defendants' motion, plaintiff's response, and the defendants' reply.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Bryan County Jail in Durant, Oklahoma. The defendants are Bryan County Sheriff Bill Sturch and Bryan County Commissioner Monty Montgomery.

Plaintiff alleges that beginning in July 2009, his legal mail was opened in the jail outside of his view, in violation of the United States Constitution. Although the jail administration now allows inmates to seal their legal letters in front of the guards, if the incoming mail does not specifically indicate it is legal mail, it is opened outside the presence of the inmate to whom it is addressed. Plaintiff claims all his incoming legal mail from the ACLU of Oklahoma, the United States Supreme Court, the United States Justice Department, the Oklahoma Bar Association, the Human Rights Commission, law firms, his attorney, and the Federal District Court of Oklahoma has been opened outside his presence, because the envelopes did not indicate it was legal mail.

The defendants allege plaintiff has failed to allege the personal participation of either

defendant. Plaintiff asserts in his response to the defendants' motion to dismiss that he has no access to the jail's mail room, so he is unable to observe who actually is opening his legal mail. Therefore, his only recourse was to name as defendants those accountable for the operation of the jail facility.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009).

Here, plaintiff has made no showing that Defendant Sheriff Bill Sturch personally participated in opening the legal mail, and supervisory status is not sufficient to support liability under § 1983. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). As for Defendant Monty Montgomery, a county commissioner has no responsibility for the operation or maintenance of the jail. *See* Okla. Stat. tit. 19, § 513 (The sheriff has charge and custody of the jail of his county, and all the prisoners in the jail.); Okla. Stat. tit. 57, § 1 (County commissioners are required to inspect the jails in their respective counties and to examine the health, cleanliness, and discipline conditions of the jail.).

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will

not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

DATED this 5th day of March, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma